UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL EUGENE TAYLOR,

    Petitioner,

v.                                                   Case No. 8:13-cv-2347-T-27MAP
                                                   Criminal Case No. 8:01-cr-343-T-27MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court are Petitioner's motion to vacate under 28 U.S.C. § 2255 (CV Dkt. 1), and Reply to the Court's Show Cause Order on Timeliness and the Retroactivity of the New Rule Announced in Descamps v. United States (CV Dkt. 5). Upon consideration, Petitioner's Section 2255 motion is DISMISSED as time-barred.

### PROCEDURAL BACKGROUND

Pursuant to a written Plea Agreement (CR Dkt. 32), Defendant pleaded guilty to possession with intent to distribute 500 grams or more of a mixture of substance containing a detectable amount of cocaine (CR Dkt. 52). He was sentenced as a career offender to 188 months imprisonment. In September 2002, Defendant's direct appeal was dismissed by the Eleventh Circuit Court of Appeals (CR Dkt. 74).

In September 2013, more than ten years after his conviction became final, Petitioner filed the

instant Section 2255 motion, contending that he was improperly sentenced as a career offender because his 1990 state conviction under Fla. Stat., Section 893.13, did not constitute a "controlled substance offense" under the United States Sentencing Guidelines.[1]

## ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act creates a limitation period for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because his conviction was final in December 2002,[2] Petitioner's limitation period expired one year later, in December 2003. Petitioner filed his motion to vacate in September 2013, which is more than nine years late. Consequently, Petitioner's motion to vacate is untimely under Section 2255(f)(1).

Petitioner asserts entitlement, under *Descamps v. United States*, 133 S.Ct. 2276 (2013), to a delayed start of the limitation period under Section § 2255(f)(3) (see CV Dkt. 5). § 2255(f)(3) provides for beginning the limitation period on "the date on which the right asserted was initially

---

[1] § 4B1.1 of the Guidelines provides in pertinent part that:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

A "controlled substance offense" is defined in § 4B1.2 of the Guidelines as:

an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

[2] Petitioner's appeal was dismissed in September 2002 (CR Dkt. 74). Therefore, his conviction became final in December 2002, when the time for filing a petition for certiorari review expired. *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Although Petitioner filed his motion to vacate within one year of *Descamps*, that decision affords Petitioner no relief.

The Supreme Court did not make the rule announced in *Descamps* retroactive to cases on collateral review, and therefore Section 2255(f)(3) is not applicable to Petitioner's case. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013) ("The declaration of retroactivity must come from the Justices."). And district courts have uniformly rejected the retroactive application of *Descamps*. *See Reed v. United States*, 2013 U.S. Dist. LEXIS 146141, 2013 WL 5567703, at * 3 (M.D.Fla.2013); *United States v. Chapman*, 2014 U.S. Dist. LEXIS 65907, at *10 (D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that *Descamps* does not apply retroactively to cases on collateral review.") (citations omitted); *Harr v. United States*, 2014 U.S. Dist. LEXIS 58692, at *8 (C.D. Ill. Apr. 28, 2014) ("*Descamps* did not announce a new rule, but rather reaffirmed existing Supreme Court precedent while rejecting the Ninth Circuit Court of Appeal's departure from established Supreme Court caselaw."). Petitioner cannot, therefore, avail himself of a delayed start under Section 2255(f)(3).

Moreover, regardless of whether it has retroactive effect, *Descamps* is not applicable to Petitioner's case. *Descamps* involved the determination of whether a prior offense is a "violent felony" for purposes of sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Descamps*, 133 S. Ct. at 2281-83. But the Armed Career Criminal Act does not apply to Petitioner's case, as he was not sentenced under that Act.[3] Further, *Descamps* did not address whether an offense

---

[3] See PSR, ¶ 22.

3

under § 893.13(1)(a) is a "controlled substance offense" under the United States Sentencing Guidelines. Therefore, the rule announced in *Descamps* does not render Petitioner's motion timely. *See United States v. Burton*, 2014 U.S. App. LEXIS 8585, at *5-6 (11th Cir. May 7, 2014) (unpublished) (finding that *Descamps* was inapplicable because it involved a statute that did not pertain to Burton's case, and did not address whether Burton's convictions would qualify as controlled substance offenses).[4]

Accordingly, the Court **ORDERS** that:

1. Petitioner's "Motion to Addemdum [sic]" (CV Dkt. 3), construed as a motion to supplement the § 2255 motion, is **GRANTED**.

2. The motion to vacate under 28 U.S.C. § 2255 (CV Dkt. 1) is **DISMISSED** as time-barred.

3. The **clerk** shall enter judgment against Petitioner and close this case.

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner has no absolute entitlement to appeal the denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, the Court must first issue a certificate of appealability (COA). Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred, Petitioner cannot

---

[4]Petitioner relies exclusively on *Descamps* as the basis for the timeliness of his motion (see CV Dkt. 5). Consequently, a discussion of equitable tolling is unnecessary.

satisfy the *Slack* test. 529 U.S. at 484. Finally, Petitioner is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

**DONE AND ORDERED** at Tampa, Florida, on September 30th, 2014.

/s/ *Whittemore*
JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
 Counsel of Record